UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:13-CR-267-KJD-PAL |
| v. | **ORDER** |
| CARMEN DENISE MOSLEY, | |
| Defendant. | |

Before the Court is Defendant Carmen Denise Mosley's Motion in Limine to Preclude Evidence Re: Uncharged Conduct (#52). The Government responded (#63) and the Court did not require a reply.

**I. Background**

The Government seeks to introduce the following two acts at trial: 1) Defendant Mosley's agreement to prepare false tax documents for Zulfiya Karimova ("Karminova") for 2008 and 2009, and 2) the actual preparation of those documents. (#46). The Government asserts that the first act is relevant to show that Defendant prepared false tax documents for Karimova in exchange for $1,500 per year of tax documents on multiple occasions. The Government asserts that the second act, actual preparation of these documents, is evidence of motive, intent, preparation, plan, knowledge, identity,

absence of mistake, modus operandi, and/or lack of accident. The Government also asserts that this evidence is "inextricably intertwined" with Mosley's confession, and so is admissible.

**II. Legal Standards**

Evidence of "other acts" may be admissible under Rule 404(b) if it satisfies four requirements: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002) (internal quotation omitted). If the evidence in question has passed the above test, the Court must still determine whether "the probative value is substantially outweighed by the prejudicial impact under Rule 403." Romero, 282 F.3d at 688.

Evidence is not subject to Rule 404(b) if it is "inextricably intertwined with the crime with which the defendant was charged." United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995). Thus, Rule 404(b) does not apply in two situations. First, if the defendant was "simply . . . indicted for less than all of his actions [in a single criminal episode;]" however, incidents "far removed in time" are not part of that episode. United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013). Second, where the evidence is "necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime. Anderson, 741 F.3d at 949 (citing United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012)).

**III. Analysis**

**A. Inexplicably Intertwined**

The Government simply asserts that the preparation of fraudulent tax documents is "inextricably intertwined" with Mosley's confession. No argument is made that the preparation of these documents was part of a "single criminal episode" or that they are necessary to a coherent explanation of the crime. In fact, the Government fails to cite even a single case throughout its four-page response. Accordingly, the Government's argument on this point is wholly insufficient under Local Rule 7-2.

2

**B. Agreement to Prepare Fraudulent Tax Documents**

Defendant alleges that the Government is impermissibly attempting to use this evidence to prove conduct in conformance with this bad act. Oddly, the Government now states without explanation that despite earlier representations, the evidence is "relevant non-404(b) evidence." (#63). While this may be accurate, the Court can only surmise[1] that the Government's proposed use of this evidence has shifted, making the prior notice of Rule 404(b) evidence no longer applicable. As no firm basis exists for the Court to conclude that this issue is now moot, the Court will address the issue.

The agreement to prepare fraudulent tax documents for the same rate as previously given likely satisfies the test above. There is at least one material point this evidence tends to prove. While the three-year gap is noted, such a gap is not unreasonable in this case where the charged acts formed the basis for the "other" transaction. The evidence certainly supports a finding that the defendant committed the other act, and the act is nearly identical to the offense charged. Thus, this evidence likely satisfies the four-part test above.

The Court notes that this evidence only "likely" satisfies the above test because the Government's purpose for the evidence is not fully clear. Accordingly, if and when this issue arises at trial, the Defendant may make any relevant objection that is in harmony with this Order.

Lastly, the Court finds that the probative value of this evidence substantially outweighs any prejudicial effect under Rule 403, again, so long as the evidence is introduced for a permissible purpose.

**C. Preparation of Fraudulent Tax Documents**

As above, the preparation of fraudulent tax documents for Karimova for the same fee previously charged tends to prove at least one material point. As to "remoteness" in time, the Court sees no reason that the intervening three years are an obstacle where the parties' prior dealings

---

[1] To be clear, the Court does not appreciate being left to surmise.

formed the basis for the transaction. The evidence, comprised of video and audio recordings, as well as emails, is certainly sufficient to support a finding that Mosley committed the act. Lastly, as noted above, the act is virtually identical to the charged offense except for its timing. Accordingly, the Court finds the four elements set forth by the Ninth Circuit likely satisfied. Again, the Court's ruling is conditional upon the introduction of the evidence for a proper purpose.

Lastly, the Court finds that–in harmony with the caveat above–the probative value of this evidence outweighs any prejudicial impact.

**IV. Conclusion**

For the above reasons, Defendant's Motion in Limine to Preclude Evidence Re: Uncharged Conduct (#52) is **HEREBY DENIED**. However, the Court will entertain objections in harmony with this Order when this issue arises at trial.

DATED this 15th day of April 2014.

_____
Kent J. Dawson
United States District Judge