# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| CARMEN DENISE MOSLEY | Case Number: 2:13-cr-00267-KJD-PAL-2 |
| | USM Number: 48142-048 |
| **Date of Original Judgment:** 8/7/2014 | Philip Kent Cohen |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☑ was found guilty on count(s) One, Two, and Three of the Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| *18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud and Wire Fraud | 11/2007 | 1s |
| *18 U.S.C. § 1344 | Bank Fraud | 11/2007 | 2s |
| *18 U.S.C. § 1344 | Bank Fraud | 11/2007 | 3s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s) all remaining ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/5/2014
Date of Imposition of Judgment

*/s/ Kent J. Dawson*
Signature of Judge

KENT J. DAWSON, UNITED STATES DISTRICT JUDGE
Name of Judge         Title of Judge

November 24, 2014
Date

AO 245C (Rev. 09/08) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment                     (NOTE: Identify Changes with Asterisks (*))

Case 2:13-cr-00267-KJD-PAL   Document 161   Filed 11/24/14   Page 2 of 10

DEFENDANT: CARMEN DENISE MOSLEY
CASE NUMBER: 2:13-cr-00267-KJD-PAL-2

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

57 months, per count, to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court makes recommendation for designation to Victorville, CA with residential drug program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☑ before 12:00 p.m. 11/3/2014 .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CARMEN DENISE MOSLEY
CASE NUMBER: 2:13-cr-00267-KJD-PAL-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years, per count, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 3C — Supervised Release            (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: CARMEN DENISE MOSLEY
CASE NUMBER: 2:13-cr-00267-KJD-PAL-2

Judgment—Page 4 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1. Substance Abuse Treatment - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

2. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

3. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. Community Service - You shall complete eight hours of community service, as approved and directed by the probation officer.

5. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

6. Employment Restriction - You shall be restricted from engaging in employment, consulting, or any association with any tax preparation business for a period of three years.

7. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

**ACKNOWLEDGEMENT**

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  _____
                   Defendant                          Date

             _____  _____
            U.S. Probation/Designated Witness           Date

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case  
Sheet 4C — Probation  
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: CARMEN DENISE MOSLEY  
CASE NUMBER: 2:13-cr-00267-KJD-PAL-2

Judgment—Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISION

8. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

9. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

Case 2:13-cr-00267-KJD-PAL Document 161 Filed 11/24/14 Page 6 of 10

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: CARMEN DENISE MOSLEY
CASE NUMBER: 2:13-cr-00267-KJD-PAL-2

Judgment — Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 0.00 | $ 1,172,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| JP Morgan Chase Bank N.A. (See attached list) | $410,000.00 | $410,000.00 | |
| US Bank National Association ND | $368,000.00 | $368,000.00 | |
| US Bank National Association ND | $394,000.00 | $394,000.00 | |
| **TOTALS** | $ 1,172,000.00 | $ 1,172,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C　(Rev. 09/11) Amended Judgment in a Criminal Case
　　　　　Sheet 6 — Schedule of Payments　　　　　　　　　　　　　　　　　　　　　(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: CARMEN DENISE MOSLEY　　　　　　　　　　　　　　　Judgment — Page  7  of  7
CASE NUMBER: 2:13-cr-00267-KJD-PAL-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A　☑  Lump sum payment of $ 1,172,300.00  due immediately, balance due

　　　　☐ not later than _____, or
　　　　☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B　☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C　☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D　☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E　☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F　☑  Special instructions regarding the payment of criminal monetary penalties:

　　　Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

　　　Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.
　　　2:13-cr-00267-KJD-PAL-2 ZULFIYA KARIMOVA

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
　　Final Order of Forfeiture attached

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 2:13-cr-00267-KJD-PAL   Document 161   Filed 11/24/14   Page 8 of 10

**U.S. v. Carmen Mosley**
**2:13-cr-00267-KJD-PAL**
**Restitution List**



FILED ___ ENTERED ___ RECEIVED ___ SERVED ON COUNSEL/PARTIES OF RECORD
AUG 5 2014
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

| | |
|---|---|
| JP Morgan Chase Bank N.A.<br>Re:   10725 Bernini Drive<br>(Loan # 26400039953)<br>7610 West Washington Street<br>Indianapolis, IN 46231 | $410,000.00 |
| US Bank National Association ND<br>Re:   2133 Mountain Rail Drive<br>(Loan # 8250188692 & 8250188719)<br>800 Nicollet Mall, BC-MN-H21P<br>Minneapolis, MN 55402 | $368,000.00 |
| US Bank National Association ND<br>Re:   9059 Sheep Ranch Court)<br>(Loan # 8250187852)<br>800 Nicollet Mall, BC-MN-H21P<br>Minneapolis, MN 55402 | $394,000.00 |
| **Total Restitution** | **$1,172,000.00** |

**Jointly and severally with Zulfiya Karimova**



# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:13-CR-267-KJD-(PAL) |
| CARMEN DENISE MOSLEY, | ) |
| Defendant. | ) |

**ORDER OF FORFEITURE**

This Court finds that on May 6, 2014, defendant CARMEN DENISE MOSLEY was found guilty on Counts One through Three of a Three-Count Superseding Criminal Indictment charging her in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud in violation of Title 18, United States Code, Section 1343, 1344, and 1349 and in Counts Two and Three with Bank Fraud in violation of Title 18, United States Code, Section 1344. Superseding Criminal Indictment, ECF No. 47; Minutes of Jury Trial, ECF No. 99; Jury Verdict, ECF No. 101.

This Court finds that CARMEN DENISE MOSLEY shall pay a criminal forfeiture money judgment of $2,145,104.50 in United States Currency to the United States of America, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p).

. . .

. . .

1  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United
2  States recover from CARMEN DENISE MOSLEY the criminal forfeiture money judgment in the
3  amount of $2,145,104.50 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and
4  (B); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section
5  2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section
6  853(p).

DATED this 5th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE

2