# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARMEN DENISE MOSLEY,

    Defendant.

Case No. 2:13-CR-0267-KJD-PAL

**ORDER**

On June 13, 2016, the Ninth Circuit Court of Appeals vacated (#164) Defendant's $1,172,000.00 forfeiture order for the purpose of this court conducting an excessiveness analysis under the Eighth Amendment. After the Ninth Circuit issued Mandate (#165) in this action, the United States Supreme Court issued its opinion in <u>United States v. Honeycutt</u>, 137 S.Ct. 1626 (2017) which held that defendants may not be held jointly and severally liable for property that co-conspirators derived from the crime but that defendant did not acquire. The United States has moved for the Court to lower Defendant's criminal forfeiture money judgment to $12,000.00 (#177). Defendant filed a response in opposition (#179) to which the Government replied (#184). In this case, the parties agree that Defendant never personally acquired more than $12,000.00 from the scheme. Therefore, the Court finds the excessiveness issue moot in relation to the order to forfeit $2,145,104.50.

1    Mosley agrees, Response to the Government's Motions, Docket No. 179, p. 3, l. 13-14, that
2    pursuant to Honeycutt, the appropriate *in personam* criminal forfeiture amount as to Mosley is at
3    least $9,000.00. Though Mosley later argues that the Government has not met its burden of proof to
4    that amount, the Court, considering the documentary evidence and testimony presented at the four
5    day trial, finds by a preponderance of the evidence that Mosley personally obtained $12,000.00 as
6    part of the on-going wire fraud scheme in which she would prepare false tax returns and other
7    fraudulent documents to help others obtain loans.

8    Mosley spends a significant part of her argument asserting that the final $3,000.00 payment
9    she received was due to the efforts of a co-defendant providing assistance to the Government to catch
10   her in the act of providing false tax returns and documents. However, equity does not favor
11   Defendant in this instance. "The unclean hands doctrine derives from the equitable maxim that 'he
12   who comes into equity must come with clean hands.' This maxim closes the doors of a court of
13   equity to one tainted with inequitableness or bad faith relative to the matter in which [s]he seeks
14   relief, however improper may have been the behavior of the [other party]." Ellenburg v. Brockway,
15   Inc., 763 F.2d 1091, 1097 (9th Cir. 1985). "In applying the doctrine, what is material is not that the
16   [party's] hands are dirty, but that [s]he dirtied them in acquiring the right [s]he now asserts, or that
17   the manner of dirtying renders inequitable the assertion of rights against the [other party]." Id. "Thus
18   equity requires that those seeking its protection shall have acted fairly without fraud or deceit as to
19   the controversy in issue." Id. Here, Mosley, cannot claim that she fairly earned the $3,000.00 by
20   preparing fraudulent tax returns. As illegal proceeds, the money must be forfeit.

21   Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion Regarding the Excessive
22   Fines Clause (#173) is **DENIED as moot**;

23   IT IS FURTHER ORDERED that Plaintiff's Motion Regarding Honeycutt's Holdings on
24   Mosley's Criminal Forfeiture Money Judgment of $2,145,014.50 (#177) is **GRANTED;**
25   ///
26   ///

IT IS FURTHER ORDERED that the Government prepare and file a Proposed Final Forfeiture Order (#177) of $12,000.00.

DATED this 27th day of February 2018.

_____
Kent J. Dawson
United States District Judge